## EATON & PRINCE CO. v. WADSWORTH.

(Circuit Court, N. D. Illinois, N. D.   October 21, 1903.)

**1. PATENTS—INFRINGEMENT—SAFETY BRAKE FOR ELEVATORS.**
    The Eaton, Prince, and Livesey patent, No. 347,778, for a safety brake
    for elevators, claim 3, construed, and *held* not infringed.

In Equity.   Suit for infringement of letters patent No. 347,778, for a safety brake for elevators, granted to Thomas W. Eaton, Frederick H. Prince, and Joseph H. Livesey, August 24, 1886.   On final hearing.

Frank T. Brown, for complainant.
Thomas F. Sheridan, for defendant.

KOHLSAAT, District Judge.   Complainant files its bill for infringement of claims 1 and 6 of patent No. 347,778, for a safety brake for elevators.   After the filing of the bill it withdrew the charge of infringement as to claim 1, so that the cause stands now only as to infringement of claim 6, which reads as follows, viz.:   "In an elevator safety brake the combination with an expansible ball governor of a trigger located, relatively to the governor, substantially as shown, whereby said trigger is operated directly by contact therewith of the governor balls, essentially as specified."   The defendant, by way of defense, sets up (1) lack of patentable novelty; (2) that the patent is a mere aggregation; (3) that there is no infringement.   The only patent in the prior art, so far as the record discloses, in which an expansible ball governor is used for the purpose of tripping a braking device in connection with an elevator, in a combination similar to that of complainant, is the Small patent, No. 228,284.   In that patent the flexible ball governor is the same as that used by complainant, except that the free end of the governor fits over a sliding sleeve in the shaft, which operates the governor, to which sleeve is rigidly secured a dog or trigger, the other end of which rests in a guide in the upper brace or cage of the elevator, thereby preventing the sleeve from rotating with the governor.   This trigger supports a bell crank lever, which operates the braking device.   Whenever the elevator begins to move at an undue speed, the governor balls expand by centrifugal force, thereby contracting the governor longitudinally, and dragging with its sliding end the sliding collar and the dog, whereby the lever is released and the braking device applied.   The specifications provide, however, that the governor may be in any suitable form.   Thus it will be seen the governor in this device drags what might be termed the trigger from restraining contact with the braking apparatus.

In the patent in suit the same expansible governor is used, and the only substantial difference between the two devices is that the governor balls in the patent in suit, when the speed is too great, expand, and strike the trigger and release the lever which applies the braking apparatus.   The one pulls the trigger out of the restraining contact with the lever.   The other knocks it out.   Both operate simultaneously with the undue expansion of the governor.   The direct contact element of the claim is, in my judgment, the sole differentiation of

complainant's patent from the prior art. It is not claimed by complainant that such direct contact by the balls of an expansible governor with a trigger or tripping device is new, outside of the elevator art. It is old in the prior art. Indeed, it is shown to have been in use in connection with elevator safety attachment in the C. R. and N. P. Otis patent, No. 110,993, the R. H. Hill patent, No. 210,693, the Ripp & Mills patent, No. 226,553, and others; but the braking devices set in motion in these patents seem to be more complex than in the patent in suit, so that perhaps they should not be considered as anticipation, in the same art.

The language of the patent in suit, taken in connection with the file wrapper, would seem to limit the device to an expansible ball governor. All that it has done is to take an old form governor as used in the Small patent, and make it kick instead of pull the trigger out of restraining contact with the braking apparatus. To do this, it has used a device old in other relations, and known to the elevator art in a different combination.

Defendant's governor is what might be called a disk governor. Its palls operate by centrifugal motion or force. It differs, however, quite as much from complainant's device as the latter does from the prior art, in view of which I am constrained to hold that complainant has failed to establish infringement.

The bill must be dismissed for want of equity.